UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM D. BONNER,

            Petitioner,

v.                                      CASE NO. 06-13582

KENNETH McKEE                     PAUL D. BORMAN
                                                        UNITED STATES DISTRICT JUDGE
            Respondent.
_____/

## OPINION AND ORDER DENYING THE HABEAS CORPUS PETITION AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, BUT GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner William D. Bonner has filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state convictions for second-degree murder and two related firearm offenses. The Court has determined that Petitioner's claims lack merit. Consequently, the habeas petition must be denied.

## I. BACKGROUND

Petitioner was charged in Wayne County, Michigan with first-degree (felony) murder, armed robbery, felon in possession of a firearm, and possession of a firearm during the commission of a felony (felony firearm). The charges arose from the fatal shooting of Matthew Thomas in October of 1998. The facts leading to the charges have been summarized by the Michigan Court of Appeals as follows:

> When he was thirteen years old, [Matthew] Thomas was severely burned. As a result of his injuries, he received monthly disability checks, which were deposited directly into his bank account. At about noon on October 1, 1998, Thomas went to the bank and withdrew $200 from the proceeds of his disability check. Either late in the night of

> October 1, 1998, or early in the morning of October 2, 1998, Thomas was shot once in the head at a house in Detroit. He died as a result of the shooting. A witness who was in the area where Thomas was killed heard a noise that sounded like a firecracker or a gunshot and then, about twenty minutes later, saw [Petitioner] near the house where Thomas was killed. In October 1998, while he was being held in the Wayne County Jail, [Petitioner] confessed to another inmate, Keith Browen, that "he laid down the demonstration" with the victim and then took the victim's money for drugs. Another witness testified that he sold [Petitioner] some crack at 1:00 a.m. on October 2, 1998, and that at that time, [Petitioner] had in his possession a wad of twenty and fifty dollar bills. Browen asserted that the phrase "laid down the demonstration" was street slang which meant that [Petitioner] killed the victim. According to Browen, [Petitioner] stated that he "laid down the demonstration" with a gun and then got rid of the gun during a chase.

*People v. Bonner*, No. 254093, at 1 (Mich. Ct. App. Mar. 17, 2005) (unpublished, *per curiam* opinion).

Petitioner did not testify at trial. The only defense witness was Matthew Thomas's mother, who testified that Matthew withdrew $200 from his bank account around noon on October 1, 1998, and gave her a ten-dollar bill about 12:30 p.m. that day. Other than the ten-dollar bill, she did not see how much money Matthew had at the time. The defense theory was that there was no evidence linking Petitioner to the crime, that the witnesses were not credible, and that the prosecutor established his proofs through an inmate, who was looking for a deal on his own sentence.

On February 24, 2003, a Wayne County Circuit Court jury acquitted Petitioner of the armed robbery and first-degree murder counts, but found him guilty of second-degree murder, MICH. COMP. LAWS § 750.317, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and felony firearm, Mich. Comp. Laws § 750.227b. The trial court sentenced Petitioner as a fourth habitual offender to two years in prison for the felony firearm conviction, followed by concurrent terms of thirty-five to eighty years for the murder conviction and three to five years for being a felon in possession of a firearm.

2

The Michigan Court of Appeals affirmed Petitioner's convictions, but remanded his case for re-sentencing because the trial court incorrectly sentenced Petitioner as a fourth felony offender. *See Bonner*, Mich. Ct. App. No. 254093, at 6. On remand, the trial court re-sentenced Petitioner to a term of thirty to eighty years in prison for the murder, one to five years for being a felon in possession of a weapon, and a consecutive term of two years for the felony firearm conviction. The Michigan Supreme Court subsequently denied leave to appeal because it was not persuaded to review the issues. *See People v. Bonner*, 474 Mich. 857 (2005) (table).

Petitioner filed his habeas petition on August 10, 2006. The grounds for relief are:

> I. Petitioner was denied his rights to confrontation, due process, and a fair trial where over defense objections the prosecution violated the rules of evidence and used in testimony and argument the gunshot residue on the sweatshirt as proof that Petitioner fired the pistol, despite there being no connection proved between Petitioner and the sweatshirt.
>
> II. Where Tyrica Hunter testified that she could not remember making the statement, but the prosecutor examined her about the statement written by the police that Petitioner had asked her to hide his gun and dope, the improper admission of the hearsay into evidence and then the use of it in the jury argument over defense objections violated *Jenkins* and the rules of evidence, was prejudicial, and violated Petitioner's rights to due process and a fair trial.

Respondent urges the Court to deny the habeas petition on the ground that Petitioner's claims are not cognizable on habeas review.

## II. STANDARD OF REVIEW

Petitioner is entitled to the writ of habeas corpus only if the state court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (Justice O'Connor's majority opinion on Part II). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

### III. DISCUSSION

#### A. Evidence of Gunshot Residue

Petitioner alleges that he was denied his rights under state and federal law when the prosecution relied on the results of a gunshot residue test to establish that Petitioner fired a gun on the night of the victim's death. Petitioner maintains that the evidence was untrustworthy and that the prosecutor failed to establish a foundation for it by showing a connection between him and the sweatshirt that supposedly had gunshot residue on a cuff.

The Michigan Court of Appeals adjudicated Petitioner's claim on the merits and concluded that there was an adequate foundation for admission of the forensic chemist's testimony about the sweatshirt. The court of appeals also stated that the evidence was relevant and not unfairly prejudicial.

Petitioner's "chain of custody argument presents a question of State evidentiary law that

generally is not amenable to habeas review." *Tirado v. Senkowski*, 367 F. Supp.2d 477, 487 (W.D. N.Y. 2005); *see also Parker v. Cain*, 445 F. Supp.2d 685, 706 (E.D. La. 2006) (stating that "[c]hallenges to the admissibility of evidence based on an improper chain of custody involve matters of state evidentiary law, and defects in the chain of custody alone normally do not rise to the level of a constitutional deprivation"). "[A] defect in the chain of custody goes to the weight of the evidence, not its admissibility." *Tirado*, 367 F. Supp. 2d at 488.

Petitioner's constitutional argument is that the prosecutor's use of testimony regarding gunshot residue violated his rights to due process of law, to a fair trial, and to confront the witnesses against him. The alleged errors did not deprive Petitioner of due process or a fair trial because Sergeant Voizell Jennings of the Detroit Police Department testified that the sweatshirt was collected as evidence in the case. Sergeant Jennings also testified that Police Officer G. Jones confiscated the sweatshirt and that Police Officer Rosco Thomas took the sweatshirt to the crime laboratory where it was examined.

Although Officers Jones and Thomas had retired by the time of Petitioner's trial and did not testify at trial, a forensic chemist for the Police Department testified that he found only one particle consistent with gunshot residue on the sweatshirt in evidence and that there were not enough particles for him to confirm that they were gunshot residue. Defense counsel elicited testimony that the chemist did not know who owned or possessed the sweatshirt before it arrived in his laboratory.

The Court concludes that, even if constitutional error occurred, the error could not have had a "substantial and injurious effect or influence in determining the jury's verdict," *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776

5

(1946)), and was harmless.  Petitioner is not entitled to relief on the basis of his first claim.

### B. Hearsay Evidence

The second and final habeas claim alleges that the prosecutor improperly questioned Tyrica Hunter about her statement to the police.  Ms. Hunter supposedly informed the police that, on October 2, 1998, Petitioner called her collect from jail and asked her to get or hide his gun and "dope."  Petitioner contends that this information was improper hearsay under state law and that its admission in evidence violated his constitutional rights to due process of law and a fair trial.

The Michigan Court of Appeals adjudicated this claim on the merits and concluded that the trial court did not abuse its discretion in permitting the prosecutor to read portions of Ms. Hunter's statement to the police.  The court of appeals also determined that the prosecutor did not rely on Ms. Hunter's statement as substantive evidence of Petitioner's guilt during closing arguments and that it would not have been error to do so because Hunter's statement was admissible as substantive evidence.

The alleged violations of state law are inconsequential, because "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).  "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire,* 502 U.S. 62, 68 (1991).
"Trial court errors in state procedure and/or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth

Amendment." *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004).

The prosecutor's reliance on Ms. Hunter's statement to the police was not fundamentally unfair because Ms. Hunter testified that she could not remember the substance of her telephone conversation with Petitioner in early October of 1998. The prosecutor used Ms. Hunter's statement to the police in an attempt to refresh her memory. The prosecutor could have admitted Ms. Hunter's statement to the police in evidence pursuant to Michigan Rule of Evidence 803(5).[1] Furthermore, Ms. Hunter admitted that she signed her statement to the police, that she would have had no reason to lie to the police back then, and that she might have said what was contained in the statement.

Even if the prosecutor's use of Ms. Hunter's statement to the police violated Petitioner's constitutional rights, the error was harmless. Keith Browen testified that Petitioner admitted to killing the victim, taking drug money from the man, and then getting rid of the gun used in the shooting. The alleged error could not have had a "substantial and injurious effect or influence in

---

[1] This rule reads in relevant part:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . . .
>
> **(5) Recorded Recollection.** A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness' memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.

Mich. R. Evid. 803(5).

determining the jury's verdict," *Brecht,* 507 U.S. at 637, and was harmless.

## IV.  CONCLUSION

The state appellate court's adjudication of Petitioner's claims did not result in a decision that was contrary to, or an unreasonable application of, Supreme Court precedent or an unreasonable determination of the facts.  Accordingly, the petition for writ of habeas corpus [Dkt. 1] is **DENIED**.  The Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong.  However, an appeal could be taken in good faith.  Therefore, Petitioner may appeal this Court's decision *in forma pauperis*.


S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  May 18, 2009

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 18, 2009.

S/Denise Goodine
Case Manager